WAFFLE *vs.* PORTER.

Every owner of land has the right to clean out and tube or wall up a natural spring upon his own land, for his own use and convenience, when he does not thereby change the natural course of the flow of the water therefrom, and makes no change to the injury of another, except what may result from an increased flow of water in the natural channel and outlet of such spring. It is not such a wrongful use of the easement, or abuse of the right, as will give a right of action to the owner of the servient estate.

There being a living spring upon the defendant's premises, adjacent to and above the plaintiff's land, which spring was surrounded by a wet, marshy piece of ground, where cattle were watered and water obtained for use; the natural outlet and watercourse for such marsh and spring being over the plaintiff's land; the defendant, in order to make a more convenient and suitable place for watering his stock, dug out this spring to a depth of two or three feet below the surface, and placed therein a curb between two and three feet in diameter, and five or six feet in length, nearly two feet of which were above the surface of the ground. About four inches above the surface, a hole, an inch or more in diameter, was cut, for the escape of the water from the curb. The water never overflowed the curb, nor rose above the hole, but ran, constantly, from the hole, in larger or smaller volume, as the season varied. *Held* that the natural outlet and watercourse from this spring having been always through the plaintiff's land, the defendant had an easement there, for the flow of that water.

*Held, also,* that it was the defendant's watercourse, and if, by reason of the improvement of the spring, an additional quantity of water was made to pass through it, at certain seasons of the year, to the plaintiff's injury, it was *damnum absque injuria*, within the principle of *Waffle* v. *N. Y. Central Railroad Co.*, (58 *Barb.* 413.)

THIS action was brought recover damages caused by the defendant's digging a pit or well, or fountain, on his land, adjoining the plaintiff's farm, in Gates, Monroe

Waffle *v.* Porter.

county, by which, the plaintiff alleged, large quantities of water overflowed the pit, or well, or fountain upon the defendant's land, and thence overspread the plaintiff's farm, injuring and destroying his land for farm purposes, and destroying crops. On the trial, at the circuit, the plaintiff was nonsuited, and judgment entered as security. A motion to set aside the nonsuit, and for a new trial, on a case and exceptions, was made at special term, and denied. Judgment was entered thereon for $72.22 costs, and the plaintiff appealed from both judgments to the general term.

*Ripsom & Terry*, for the appellant.

I. The exception to the evidence of Josiah Salter, the defendant's witness, as to whether a certain ditch on the plaintiff's premises, testified to by the witness as having tumbled in, would have discharged all the water that comes there, was well taken. 1. It was not proved that the witness was qualified, as an expert, to testify on that subject. It was a question which could only be accurately answered by an engineer, or by one accustomed to hydraulics. At least, the facts as to size of ditch and quantity of water should have been given, and the jury could have judged as well as the witness. 2. It was immaterial and irrelevant, not bearing on the point as to whether the defendant had or had not injured the plaintiff's lands and crops. (*Morehouse* v. *Mathews*, 2 *N. Y.* 514. *Harpending* v. *Shoemaker*, 37 *Barb.* 270. *Teall* v. *Barton & Williams*, 40 *id.* 137.)

II. The nonsuit was improperly granted. There being conflicting evidence, the case should have gone to the jury, unless, assuming the facts to have been with the plaintiff, the law was against him. The nonsuit must have been upon the ground that the law was against the plaintiff. The court virtually decided, as matter of law, that the defendant had a right to do what the plaintiff alleged he had done, the proof thereof being assumed by the nonsuit.

---

Waffle *v.* Porter.

---

Assuming that water had, prior to the digging of the well or sinking of the curb, issued from the spot, (about which the testimony was conflicting,) it should have been allowed to flow in its usual quantities, channel and course. The defendant had no right so to disturb the spring, if there was one, as to cast unusual quantities of water on to the plaintiff's land to its detriment. (*Belknap* v. *Trimble,* 3 *Paige,* 577. *Haight* v. *Price,* 32 *N. Y.* 241.) The plaintiff would have no cause of complaint if the defendant had allowed the water to flow, as it had before the curb was put in; his complaint is, that by disturbing the spot he opened hidden springs, and collected them in such a way as to cast over on the plaintiff's land excessive and destructive quantities of water. There is no case in our courts, directly bearing upon such a case as the present; but it is submitted that the general principles of law sustain the plaintiff's case. The Pennsylvania cases of *Kauffman* v. *Griesimer,* (26 *Penn.* 407,) *Martin* v. *Riddle,* (*id.* 415,) and the case of *Dickinson* v. *Worcester,* (7 *Allen,* 19,.22,) sustain the plaintiff's case.

*F. A. Macomber,* for the respondent.

I. The owner of the upper field has a natural easement to have the water which falls upon, or rises from below the surface of his own land, flow upon the field below. (*Washburn on Easements,* 355. *Angell on Watercourses, Perkins,* 6th ed., § 108, *a, et seq. Kauffman* v. *Griesemer,* 26 *Penn.* 407. *Butler* v. *Peck,* 16 *Ohio,* 334.. *Broadbent* v. *Ramsbotham,* 11 *Exch.* 602. *Rawstron* v. *Taylor, id.* 369. *Waffle* v. *N. Y. Central R. R. Co.,* 58 *Barb.* 413.)

II. The moral precept, "*Sic utere tuo ut alienum non lœdas,*" does not prevent a farmer from cleaning out an old spring on his premises, and putting a "gum" in it. (*Auburn and Cato Plank Road Co.* v. *Douglass,* 5 *Seld.* 444. *Bellows* v. *Sackett,* 15 *Barb.* 96. *Ellis* v. *Duncan,* 21 *id.* 230. *Carhart* v. *The Auburn Gas Light Co.,* 22 *id.* 297. *Pixley*

*v. Clark*, 32 *id.* 268.) There being no dispute about the facts, and no request by the plaintiff to go to the jury upon any pretended question of fact, the order refusing a new trial, and the judgment, should be affirmed, with costs.

*By the Court*, JOHNSON, J. The plaintiff's counsel did not ask the court to submit the case to the jury, at the close of the testimony. He contented himself with excepting to the decision granting a nonsuit. The nonsuit was granted, as appears by the case, on the ground that upon the whole case the defendant had done nothing that he had not the legal right to do upon his own premises, as owner thereof. I have been unable to find any adjudged case like this in its facts, or bearing any near analogy to it. Had it been the case described in the complaint, of digging a pit, well, or fountain, by the defendant, and opening and exposing divers springs by such excavation, which filled up the pit or well, and overflowed the same, and ran from thence upon the plaintiff's premises, where the water from such springs had not been accustomed to flow, and did not naturally go, I should have no doubt that it would give a right of action to the plaintiff, should he be injured thereby. The case would fall within the maxim, "*Sic utere tuo ut alienum non lœdas.*" But no such case is made by the evidence on either side. There was, and had been, as far back as any one appears to have had any knowledge of the premises, a living spring upon the defendant's premises at the place where he made his excavation, surrounded by a wet, marshy piece of ground, where cattle were accustomed to be watered, and water obtained for use. This was immediately adjacent to the plaintiff's land, which lay below the defendant's. The natural outlet and watercourse for this marsh and spring, was over the plaintiff's land, and naturally could go nowhere else.

This the plaintiff does not deny, but substantially admits, though he does not admit that it was at all times a

flowing spring.   The defendant, in order to make a more convenient and suitable place for watering his stock, dug out this spring to a depth of two or three feet below the surface, and placed therein a curb made from the trunk of a hollow tree, between two and three feet in diameter, and five or six feet in length.   The top of the tube was placed nearly two feet above the surface of the ground, and about four inches above the surface, a hole was cut, an inch or more in diameter, for the escape of the water from the curb.   The water never overflows the curb, nor rises above the hole, but runs constantly from the hole in larger or smaller volume, as the season varies.   There was a conflict of evidence in regard to the fact whether more water flowed from this curb, and upon the plaintiff's land, now, than flowed formerly from the spring and marshy place before the excavation; and had the right of action depended upon this question, the case should have been submitted to the jury.   But in my opinion the right of action does not turn upon that question, nor upon the question whether the plaintiff's land is more or less injured by the escape of the water through it.

The natural outlet and watercourse from this spring having been always through the plaintiff's land, the defendant had an easement there for the flow of that water. It was his watercourse, and if by reason of the improvement of this spring, an additional quantity of water was made to pass through it at certain seasons of the year to the plaintiff's injury, it was *damnum absque injuria,* within the principle of *Waffle* v. *N. Y. Cent. R. R. Co.,* (58 *Barb.* 413.)

The case is quite different in principle from that of drainage of falling or standing water, which has no natural outlet, upon the lands of another.   But even there, a party may lawfully drain his lands into a natural watercourse without being liable to an action for the consequential injury to those living upon the banks of such stream.   I am

Waffle *v.* Porter.

prepared to hold that every owner of land has the right to clean out and tube or wall up a natural spring upon his own land, for his own use and convenience, when he does not thereby change the natural course of the flow of the water therefrom, and makes no change to the injury of another, except what may result from an increased flow of water in the natural channel and outlet of·such spring. It is not such a wrongful·use of the easement, or abuse of the right, as will give a right of action to the owner of the servient estate. It is a question simply as to whether an unlawful or improper use has been made of the natural easement by the defendant. In the view I have taken, no unlawful use has been made, and the case was properly decided at the circuit, upon the plain facts. The case might very properly have been submitted to the jury, and probably would have been, had the request been made by the plaintiff's counsel. But as no such request was made, and the law was properly applied to the facts established by the evidence, the exception to the decision is not well taken.

The judgment must therefore be affirmed.

[FOURTH DEPARTMENT, GENERAL TERM, at Syracuse, November 13, 1871. *Mullin*, P. J., and *Johnson* and *Talcott*, Justices.]